## Doty v. Doty, Appellant.

*Opening judgment—Evidence—Advancement.*

An elderly man having a number of children conveyed by deed various tracts of land to four of his sons, taking from them their individual notes. Subsequently all of the sons except the defendant surrendered their deeds, and both the deeds and notes were canceled. Defendant's note was a judgment note for $4,300. This amount was subsequently reduced to $4,000;

the old note was surrendered; and two new notes for $2,600 and $1,400, each in favor of a brother and sister of defendant, were given to the father, who retained possession of them. After the death of the father, judgments were entered on the notes. The land held by defendant was not included in the distribution of the estate of the father. One of the sons testified that the father said that the notes were not to be collected. *Held*, that there was no ground for opening the judgments, as the evidence was insufficient to establish an advancement.

Argued April 11, 1893. Appeal, No. 73, July T., 1892, by defendant, Jeremiah O. Doty, from order of C. P. Columbia Co., Sept. T., 1888, Nos. 223 and 224, refusing to open judgments, Israel and Martha Doty to use of J. O. Doty et al., administrators of Jonas Doty, deceased, v. Jeremiah O. Doty. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and THOMPSON, JJ.

Rules to open judgments entered on warrants of attorney.

In addition to the facts stated in the opinion of the Supreme Court, it appeared from the evidence that in 1886 Jonas Doty, an elderly man, with eight children, conveyed by deed various tracts of land to four of his sons taking their notes for the same at valuations placed upon the land by himself. Subsequently three of the sons surrendered their deeds and both deeds and notes were canceled. Defendant, however, retained his land and substituted for the original note the two notes on which the judgments were entered. One note was for five years, the other for seven; both without interest.

The payees of the notes made no claim to them, and no one except defendant seems to have disputed the right of the administrators of Jonas Doty to take possession of them and collect them for the estate.

In the distribution of the estate of Jonas Doty, the land held by Jeremiah O. Doty was not included.

Ira Doty, a brother of defendant, testified under objection that his father said the notes were not to be collected.

The court discharged the rule to open judgment in an opinion in part as follows, by IKELER, P. J.:

" The notes were found among the father's papers subsequent to his death. The land for which they were given is held and retained by the maker of the notes, the defendant. It

is not alleged, or pretended, that he has paid any portion of them. The distribution contemplated by the father of his estate among his children was never consummated, or carried out. The essential question in the case is, whether there is legitimate evidence before us, against the payment of the notes, sufficient to hold a verdict in favor of the defendant, if one should be found upon it by the jury. We think there is not. Certainly not enough to overcome the notes. According to our view of the evidence, the equities of the case seem to be in favor of the plaintiff. It would be most dangerous and destructive to estates of decedents, if a child, or a number of children, or others, holding possession of, and title to, lands from the deceased by deed, the consideration for which having been paid to him while living, by notes, found among his papers after his death, undue and unpaid, can upon a single oath of another sweep away and wipe out of existence such solemn written obligations of indebtedness. Such, in our opinion, is not the law. There should be at least two witnesses, and their testimony should be clear, corroborative and precise, in order to move the court sitting as a chancellor to make a decree against such written obligations. It would be manifestly unjust to his estate and directly contrary to the intentions of the decedent, as shown by the preponderating facts in the case, to allow the defendant to hold the land conveyed to him, and not pay the notes in suit which he gave for it.

"Some, and perhaps great, hardship may fall upon the defendant in holding him to his bargain, if we consider his situation as compared with the prices that the other lands of his father sold for, at the administrators' sale. But he chose to hold fast to the bargain which he made with his father in 1884; at least he permitted it to stand as it was, in toto, until now after the death of the other contracting party, and under the evidence in the case it is too late to change it, or set it aside. The notes are payable to bearer. The payees named in them disclaim any and all right to the amount named therein. They had no knowledge of their existence until after Jonas Doty's death. All parties agree that if the notes are payable at all, they are payable to the estate of Jonas Doty. In our judgment a sound discretion compels us to refuse to open these judgments. Rule discharged."

*Error assigned* was refusal to open judgments.

*James L. Lenahan,* for appellant, cited : Phillips v. Meily, 106 Pa. 536 ; Merkel's Ap., 89 Pa. 340 ; Freyt v. Heydt, 116 Pa. 601 ; Jenkintown N. Bank's Ap., 124 Pa. 345.

*John G. Freeze, Charles G. Barkley* with him, for appellees, cited : Miller's Ap., 31 Pa. 337 ; High's Ap., 21 Pa. 283 ; Haverstock v. Sarbach, 1 W. & S. 390 ; Brightly's Digest, 607 ; Witmer's Ap., 6 Lancaster Bar, 5 ; 1 A. & E. Ency. L. 219 ; Black's Law Dict., title, Estoppel ; Ebbs v. Com., 11 Pa. 374 ; Walworth v. Abel, 52 Pa. 370 ; Wistar's Ap., 80 Pa. 484 ; Pomeroy's Equity Juris., 2d ed., par. 802, p. 1110.

PER CURIAM, May 1, 1893 :

There was no error in refusing to open the judgments in question and let the defendant into a defence. The notes on which they were entered were given for balance of defendant's note of 1876 to his father for $4,300, the valuation put by the latter on the farm which he at that time conveyed to defendant. There is some evidence that defendant was dissatisfied with his father's valuation of the land, but he accepted the deed, gave the note, took and ever since retained possession of the land, and never offered to reconvey. In 1884, a credit of $300 was agreed upon for timber cut and removed by defendant's father from said land, and the two notes in controversy, aggregating $4,000, were given in lieu of the original note. One of the notes is payable to Martha A. Doty or bearer, and the other to Israel Doty or bearer, but neither of said payees ever had possession of or any interest in either of the notes. They represent the valuation of the land conveyed to defendant by his father in 1876, less the sum of $300 above mentioned, and were delivered by him to his father in whose possession they remained until his death in 1886. Defendant's contention is that the farm conveyed to him at the valuation fixed by his father was intended merely as an advancement, and that neither the original note nor either of those on which the judgments were entered represents any indebtedness by him to his father. The evidence, as the learned judge rightly held,

is wholly insufficient to sustain this contention.    There is nothing in the case that requires further comment.

The order discharging the rule to show cause, etc., is affirmed, with costs to be paid by appellant.